IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-06-0191-01 |
| | § | |
| MICHAEL JAMES GREEN | § | |

**MEMORANDUM AND ORDER**

The defendant, Michael James Green, has filed two motions seeking relief from his sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c). (Docs. # 72, # 73). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motions for reasons set forth below.

**I.    BACKGROUND**

On May 30, 2006, a federal grand jury returned a twenty-two count indictment against Green, charging him with wire fraud, mail fraud, and identity theft. In particular, Green was charged with defrauding the Federal Emergency Management Agency ("FEMA") by submitting false claims for disaster assistance in connection with Hurricane Katrina and Hurricane Rita. On January 9, 2007, Greene pleaded guilty to count four (mail fraud) and count nineteen (identity theft) of the indictment. (Doc. # 39). In a judgment entered on June 18, 2007, the Court sentenced Green to serve a total of forty-five months in prison, followed by a three-year term of supervised release. Green did not pursue a direct appeal.

Green now claims that he is entitled to relief from his sentence, invoking Rule 35(b)

of the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, and 18 U.S.C. § 3582(c). Green complains that his prison sentence is so excessive as to be "cruel and unusual" because, as a "pre-op transsexual" with "large breast implants," prison officials have placed him in segregated housing for his own protection. Citing the oppressive nature of the conditions of his confinement, Green seeks a reduction in his sentence. Green fails to show that he is entitled to relief under any of the authority asserted.

## II.     DISCUSSION

Before considering Green's allegations, the Court pauses to note that an inmate's placement in protective custody implicates the duty imposed on prison officials under the Eighth Amendment to the United States Constitution to maintain institutional security and to keep prisoners safe from conditions that pose a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (observing that a prison official's duty under the Eighth Amendment is to ensure "'reasonable safety'"). The Eighth Amendment standard associated with this duty incorporates due regard for prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions." *Farmer*, 511 U.S. at 846 (citations omitted). Green's claims, which relate only to the conditions of his confinement, and not to the legality of the sentence imposed, do not articulate grounds for relief under any of the provisions outlined in his motions.

### A.     Rule 35(b)

Green invokes Rule 35(b) of the Federal Rules of Criminal Procedure as grounds for

a reduction in his sentence. Rule 35(b) of the Federal Rules of Criminal Procedure provides that the district court, on motion of the government, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense. By its plain terms, Rule 35(b) authorizes the government, not the defendant, to file a motion seeking a reduced sentence. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994). The record confirms that the government has not filed a Rule 35(b) motion and Green does not allege or show that he has provided any assistance to the government, much less substantial assistance, in this case. Therefore, Green's request for relief under Rule 35(b) is "an unauthorized motion" that this Court lacks jurisdiction to entertain. *See Early*, 27 F.3d at 142.

### B. 28 U.S.C. § 2255

Green also seeks relief from his sentence under 28 U.S.C. § 2255. The record reflects that Green pleaded guilty pursuant to a written plea agreement, in which he waived his right to appeal or to "collaterally attack" his sentence with a § 2255 motion. (Doc. # 41, ¶ 9). It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Green does not challenge the validity of his guilty plea or any waiver found in the plea agreement. Thus, the waiver is sufficient to bar Green's request for relief under 28 U.S.C. § 2255 in this instance.[1]

---

[1] To the extent that Green complains about the sentence imposed in this instance, a district court's technical application of the Sentencing Guidelines is not cognizable under 28 U.S.C.
(continued...)

Alternatively, to the extent that Green complains about the conditions of his confinement, relief is not available under 28 U.S.C. § 2255 to prisoners complaining only of mistreatment during their legal incarceration. *See Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam) (citations omitted); *see also Schipke v. Van Buren*, 239 F. App'x 85 (5th Cir. 2007) (explaining that allegations related to a prisoner's conditions of confinement are not actionable under the federal habeas corpus statutes, but are properly brought in a civil rights complaint or a *Bivens* action) (citing *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987)).[2] Accordingly, Green fails to show that he is entitled to a reduction in his sentence on this basis.

### C.     18 U.S.C. § 3582(c)

Green also requests a modification of his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). This statute authorizes a district court to modify an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons" if it finds that "extraordinary and compelling reasons warrant such a reduction[.]" This provision, which is generally available only if a prisoner qualifies for "compassionate release," does not apply

---

[1](...continued)
§ 2255. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

[2]   This Court declines to reclassify Green's request for relief as a civil rights complaint or a *Bivens* action because he is not in custody within the Southern District of Texas. Likewise, Green has not filed a complaint using the proper form approved for use in a civil rights or *Bivens* action; nor has he alleged facts showing that he has exhausted available administrative remedies with respect to his claims. *See* 42 U.S.C. § 1997e(a).

because the Director of the Bureau of Prisons has not filed a motion on Green's behalf. *See Williams v. Van Buren*, 117 F. App'x 985 (5th Cir. 2004) (noting that the Bureau of Prisons generally restricts the availability of "compassionate release" to prisoners who have been diagnosed with medical conditions that are terminal within one year, or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care). Therefore, § 3582(c)(1)(A)(i) does not provide a jurisdictional basis for Green's motion for a reduction in sentence. *See Early*, 27 F.3d at 142. It follows that Green fails to show that he is entitled to any relief.

### III.    CONCLUSION AND ORDER

Green has not demonstrated that he is entitled to relief under any legal theory outlined in his motion. Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's motions for relief from his sentence or to modify his term of imprisonment (Docs. # 72, # 73) are **DENIED**.

2. To the extent that one is necessary, the Court **DENIES** a certificate of appealability for purposes of 28 U.S.C. § 2253.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas on November 4th, 2008.

_____
Nancy F. Atlas
United States District Judge